**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRED R. FRIGO,

        Petitioner,        Case Number: 04-74970

v.        HON. JOHN CORBETT O'MEARA

H.J. MARBERRY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S "MOTION FOR DENIAL OF EXTENSION OF TIME FOR RESPONDENT AND DEFAULT JUDGEMENT IN FAVOR OF PETITIONER AND ORDER TO RESPONDENT TO RELEASE PETITIONER"

Petitioner Fred R. Frigo filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Petitioner's "Motion for Denial of Extension of Time for Respondent and Default Judgment in Favor of Petitioner and Order to Respondent to Release Petitioner."

The Court issued an Order Requiring Responsive Pleading, which directed the Respondent to file an answer to the petition by February 5, 2005. On February 2, 2005, Respondent filed a Motion for Extension of Time to File Response. The Court granted the motion and extended the time for filing a response until March 5, 2005. Because Petitioner's Motion was filed after the extension was already granted, the Court shall treat it as a Motion for Reconsideration.

The Local Rules for the Eastern District of Michigan state that in a motion for

rehearing or reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (Gadola, J.).  Further, the Local Rules also provide that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

      The Court's decision granting an enlargement of time was not based upon a palpable defect by which the Court was misled or upon a substantive mistake of law or fact.  The Court, therefore, denies reconsideration.

      Petitioner also seeks entry of a default judgment and his release to a halfway house.  Petitioner bases his request for a default judgment and release upon Respondent's request for an enlargement of time.

      A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied).  In this case, Respondent filed a timely Motion for Extension of Time.  Even in cases where a respondent fails to file a timely response or a timely motion for extension of time, the Sixth Circuit Court of Appeals has held that, based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by

entering a default judgment.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970).  *Accord* Bleitner v. Welborn, 15 F.3d 652 (7th Cir. 1994); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).  *Cf.*  Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981) (holding that, in habeas corpus cases, the remedy of entering a default judgment as a sanction for respondent's failure to respond to petition may be an appropriate remedy where the respondent is guilty of extreme and inadequately explained delays).  Thus, the Court must deny petitioner's request for a default judgment and release.

For the foregoing reasons, **IT IS ORDERED** that Petitioner's "Motion for Denial of Extension of Time for Respondent and Default Judgment in Favor of Petitioner and Order to Respondent to Release Petitioner" is **DENIED**.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  April 20, 2005