UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED R. FRIGO,

       Petitioner,                      Case No. 04-74970

v.                                         District Judge John Corbett O'Meara
                                         Magistrate Judge R. Steven Whalen

H.J. MARBERRY,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [Docket #12], which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, and the Petition DISMISSED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 20, 2004, Petitioner Frigo, a federal prison inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner argued that the Bureau of Prison's (BOP's) policy regarding the computation of good conduct credits violates 18 U.S.C. §3624(b).[1] Petitioner sought additional good time credit, and thus earlier release from

---

[1] In support of this argument, Petitioner cited *White v. Scibana*, 314 F.Supp.2d 834 (W.D. Wis. 2004). However, that decision was reversed by the Seventh Circuit in *White*

custody.

On October 20, 2005, Respondent filed the present motion to dismiss, based on Petitioner's release from custody.[2]

## II.   ANALYSIS

The ultimate relief sought by Plaintiff was release from custody. Now having been released, there is nothing for the Court to decide, and the question of good time credits is moot. I agree with the Respondent's argument that the Petition should therefore be dismissed because there is no justiciable case or controversy. *See SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); *Ellis ex rel Pendergrass v. Cleveland Municipal School Dist.*, __F.3d__, 2006 WL 2041695 (6th Cir. 2006) (a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome).

## III.   CONCLUSION

I therefore recommend that Respondent's Motion to Dismiss [Docket #12] be GRANTED, and the Petition for Writ of Habeas Corpus DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

---

*v. Scibana*, 390 F.3d 997 (7th Cir. 2004).

[2] Petitioner has not provided the Court with his new address. On October 11, 2005, Court mail addressed to Petitioner was returned as undeliverable. *See* Docket #11.

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *and Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 21, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 21, 2006.

S/G. Wilson
Judicial Assistant
